

**IT IS ORDERED as set forth below:**

**Date: June 30, 2022**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| IN RE: | |
| JAMES DUSTIN WHITFIELD, | CASE NO. 20-41924-PWB |
| Debtor. | CHAPTER 7 |
| ROCKY MOUNTAIN HOLDINGS, LLC, | |
| Plaintiff, | |
| v. | ADVERSARY PROCEEDING NO. 21-4006-PWB |
| JAMES DUSTIN WHITFIELD, | |
| Defendant. | |

<u>ORDER ON MOTION FOR SUMMARY JUDGMENT</u>

Rocky Mountain Holdings contends that that the Debtor received over $ 56,000 in insurance proceeds directly from his insurer that were intended to pay its claim, but the Debtor did not remit the proceeds to it. Rocky Mountain Holdings seeks summary judgment on its claims that (1) its debt is excepted from discharge pursuant to § 523(a)(6) because the Debtor converted its funds; and (2) the Debtor's discharge should be denied pursuant to § 727(a)(3) and § 727(a)(6). For the reasons stated herein, the motion for summary judgment is granted in part and denied in part.

## I.    Factual Background

The following facts are undisputed. James Dustin Winfield, the Debtor, suffered injuries in a car accident that required him to be airlifted to Grady Hospital for treatment in 2017. Rocky Mountain Holdings, LLC ("RMH"), a division of Air Methods Corporation, provided the airlift service. The Debtor received $ 56,377.79 directly from his insurer, Blue Cross Blue Shield, for the services provided by RMH. The Debtor did not pay RMH's bill.

On March 12, 2019, RMH sued the Debtor in the Superior Court of Polk County, Georgia, asserting claims for trover-conversion, money had and received, unjust enrichment, and an accounting with respect to the $ 56,377.79 owed to it. *Rocky Mountain Holdings, LLC v. Whitfield*, Civ. File No. SUCV2019000164 (the "Superior Court Action"). [Doc. 1, Exh. C-1].

2

Presumably in response to the lawsuit, the Debtor filed a chapter 13 bankruptcy case, 19-40892-pwb, on April 16, 2019. The Debtor listed RMH as creditor holding a general unsecured claim for $ 56,378.00. The Debtor's case was dismissed on July 16, 2019, based upon a failure to make chapter 13 plan payments.

After the Debtor's chapter 13 case was dismissed and after the Debtor failed to respond in the Superior Court action, the Superior Court entered a general default judgment against the Debtor in the amount of $ 56,377.79 on September 6, 2019.  [Doc. 1, Exh. C-5].

On December 31, 2020, the Debtor filed a chapter 7 bankruptcy case listing RMH as a secured creditor holding a judgment in the amount of $ 56,378.00.  The chapter 7 trustee has filed a report of no distribution. RMH's objection to dischargeability of its debt and objection to discharge are the final matters requiring resolution.

## II.    The parties' positions

RMH contends that its debt is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6) because the failure to remit the insurance funds to it constitutes a willful and malicious injury to its property.  RMH also objects to the Debtor's discharge on the grounds that (1) the Debtor failed to account for or keep records from which his financial condition could be ascertained in violation of § 727(a)(3); and (2) he refused to obey a lawful order of the court in violation of § 727(a)(6)(A).

The Debtor has failed to respond to the motion for summary judgment. Nevertheless, the  burden is on RMH to show that no genuine dispute as to any material

fact exists and that it is entitled to judgment as a matter of law. Not only must the facts be undisputed, but they must also support each element of the legal claims. In other words, even if the facts are undisputed, if the legal claim is without merit a plaintiff cannot prevail.

The Court will discuss each count below.

### III.    Legal conclusions

#### A.  Section 523(a)(6)

Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or the property of another entity." The Supreme Court has held that because the word "willful" modifies the word "injury," a finding of nondischargeability requires "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original). Thus, negligent or reckless conduct does not fall within the "willful and malicious injury" exception to discharge.

Under § 523(a)(6), the debtor must intend the consequences of an act and not simply the act itself. *Id.*, 523 U.S. at 61-62 (*citing* RESTATEMENT (SECOND) OF TORTS § 8A cmt. *a* (1964)). A "malicious" injury is one which is "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill- will." *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1164 (11th Cir. 1995) (citations omitted). Malice may be implied or constructive. *Id.*

Conversion of property may fall within the § 523(a)(6) exception to discharge. *See Adler v. Hertling*, 215 Ga.App. 769, 772, 451 S.E.2d 91, 96 (1994) (under Georgia

law, conversion "consists of an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation.").

It is undisputed that RMH provided the Debtor with medical and transportation services and that he received payment from his insurer directly for those services.

RMH contends that the Debtor used the insurance proceeds for his own use, i.e., converted the funds, and that the Debtor "knew that RMH would be injured by not receiving the funds it was rightfully entitled to." [Doc. 20, Exh. 6 at 6].

"The party seeking summary judgment bears the initial burden to demonstrate to the [trial] court the basis for its motion for summary judgment and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show an absence of any genuine issue of material fact." *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir.1993*), reh'g denied*, 16 F.3d 1233 (11th Cir.1994). "If the movant successfully discharges its burden, the burden then shifts to the non-movant to establish, by going beyond the pleadings, that there exist genuine issues of material facts." *Id*.

RMH has carried its burden of demonstrating an absence of any genuine issue of material fact with respect to its § 523(a)(6) claim. The Debtor has not filed a response in opposition to RMH's motion and, therefore, has not shown any genuine issues of material fact exist.

Based on the foregoing, the Court concludes that RMH's debt is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

B. Section 727(a)(3)

A debtor is not entitled to a chapter 7 discharge if the court finds "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

RMH contends that § 727(a)(3) is applicable to two situations. First, RMH contends that the Debtor, when questioned at the meeting of creditors in this case, could not account for $ 30,000 he received from the sale of his residence after the dismissal of his first bankruptcy case but prior to filing the present case. Second, RMH contends that the Debtor has not responded to discovery with respect to his financial condition and what he did with the insurance check he received from Blue Cross Blue Shield.

A denial of discharge under § 727(a)(3) requires evidence establishing either that the debtor concealed, destroyed, mutilated, or falsified any recorded information; or the debtor failed to keep or preserve any recorded information. *Butler v. Liu (In re Liu)*, 288 B.R. 155, 161 (Bankr. N.D.Ga. 2002). The evidence must also establish that it is impossible as a result to ascertain the debtor's financial condition and material business transactions. *Id. See Dykes v. Dykes (In re Dykes)*, 954 F.3d 1157, 1163 (8th Cir. 2020) (To present a prima facie case under § 727(a)(3), the objecting party  must show "(1) that the debtor failed to maintain and preserve adequate records, and (2) that such failure

6

makes it impossible to ascertain the debtor's financial condition and material business transactions.").

The burden is on the plaintiff to point to specific records that were not kept and to demonstrate why such records were necessary to ascertain the debtor's financial affairs. *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 703 (5th Cir. 2003).

RMH contends it is entitled to summary judgment because the Debtor has failed to produce documents in discovery that would show where the house proceeds or the insurance funds went.  The Court declines to conclude on the record before it that a failure to produce documents in discovery serves as a basis for the conclusion that the debtor "has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained." *See Swanberg Farms, Inc. v. Slayton (In re Slayton)*, 2013 WL 1080548 (Bankr. S.D. Ga. 2013.

Based on the foregoing, the motion for summary judgment on RMH's § 727(a)(3) claim is denied.

C. Section 727(a)(6)(A)

RMH contends that the Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(6)(A) because the Debtor refused to obey a willful order of the court in his prior case, 19-40892-pwb.

In its brief, RMH asserts, "727(a)(6)(A) provides that a discharge shall be granted unless the debtor refused 'to obey any lawful order of the court, other than an

order to respond to a material question or to testify' *in a prior bankruptcy where the same debt was listed*." [Doc. 20, Exh. 6 at 8] (emphasis added).

RMH reasons that because RMH's debt was listed in the prior bankruptcy and, "per the Court's order in that case, that it was dismissed without discharge due to his failure there to abide by the Court's order," his discharge should be denied in this new case, "regardless of whether this Court considers how similar his conduct then is to that in the instant case." *Id*.

First, RMH misstates the law.

Section 727(a)(6)(A) provides that a debtor is not entitled to a chapter 7 discharge if the "debtor has refused *in the case* to obey any lawful order of the court, other than an order to respond to a material question or testify." (emphasis added).

For § 727(a)(6)(A) to apply, the debtor's action must occur in the present case. Section 727(a)(6)(A) literally does not contain the phrase "*in a prior bankruptcy where the same debt was listed*" as cited in RMH's brief.

Second, even if the Code said what RMH contends, § 727(a)(6)(A) would not apply because the Debtor did not refuse to obey any lawful order of the court in his prior case. His unconfirmed chapter 13 case was dismissed on the chapter 13 trustee's recommendation because he failed to make chapter 13 plan payments.

Third, to the extent RMH has conflated § 727(a)(7) with § 727(a)(6)(A), it too is inapplicable. Section 727(a)(7) provides that a debtor shall not receive a discharge if the debtor "has committed any act specified in [11 U.S.C. § 727(a)] (2), (3), (4), (5), or (6) . . . , on or within one year before the date of the filing of the petition, or during the

8

case, in connection with another case, under [Title 11] or the Bankruptcy Act, *concerning an insider*." (emphasis added).

The Debtor's prior case did not concern an insider and, as discussed in the paragraph above, he did not refuse to obey any lawful order of the court in the prior case.

Accordingly, RMH's motion for summary judgment on its § 727(a)(6)(A) claim is denied.

In summary, the Court concludes that (1) RMH is entitled to summary judgment that its debt is excepted from the Debtor's discharge pursuant to § 523(a)(6); and (2) RMH is not entitled to summary judgment on its §§ 727(a)(3) and (a)(6) claims.  It is

ORDERED that the motion for summary judgment is granted in part and denied in part.  It is

ORDERED that the debt owed by the Debtor to RMH is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).  It is

FURTHER ORDERED the motion for summary judgment on the §§ 727(a)(3) and (a)(6) claims is denied.  RMH shall file with the Court a statement as to whether it intends to pursue its § 727 claims within 14 days of the entry date of this Order.  If RMH declines to pursue the § 727 claims or does not file the statement the Court shall enter an order dismissing those claims and entering final judgment.

THIS ORDER HAS NOT BEEN PREPARED FOR PUBLICATION
AND IS NOT INTENDED FOR PUBLICATION.

**END OF ORDER**

9

**<u>Distribution List</u>**

Griffin B. Bell, III
Griffin Bell III, P.C.
High House
309 Sycamore Street
Decatur, GA 30030

James Dustin Whitfield
25 Evergreen Lane
Apt B
Cedartown, GA 30125

Robert E. Brooks, Jr.
126 E. Fairmount Avenue
P. O. Box 1944
Cedartown, GA 30125